

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. O. Walton, President
Agricultural & Mechanical College
College Station, Texas

Dear Sir:

> Opinion No. O-4210
> Re: Construction of the term "em-
> ployee" in Senate Bill No.
> 38, Acts of the 47th Leg.,
> appertaining to oaths of of-
> fice.

We are pleased to comply with your letter of re-
cent date which reads as follows:

"On examination of Attorney General's Opin-
ion No. O-3799, as well as S. B. No. 38 of the
47th Legislature, Regular Session, several ques-
tions occur:

"1. If the College awards a contract to the
Lydick Roofing Co., of Waco, Texas, as low bidder
for repairing roof of one of its buildings, would
the officers and employees of this contractor be
required to take the oath of office before pay-
ment should be made from State appropriated funds?

"2. If the College awards a contract to Sam
B. Rutherford, of Mesquite, Texas, for moving cer-
tain buildings, would this contractor and his em-
ployees be required to execute the oath of office
before payment could be made from local funds?

"All direct employees of the College, whether
working for an hour, month, or year, have properly
executed the oath of office. We are not certain
regarding individuals, partnerships, companies,
or corporations, who may from time to time have
contracts with the College directly or through
the State Board of Control, to furnish supplies
or do repair or construction work.

"Your opinion will be appreciated."

Honorable T. O. Walton, President, Page 2

Section 1 of Senate Bill No. 38, Acts of the Forty-seventh Legislature, Regular Session, reads as follows:

"That on and after the date this Act becomes effective, no public funds may be paid to any person as a teacher, instructor, visiting instructor, or other employee in, for or connected with any tax-supported school, college, university or other tax-supported institution of learning in this State, unless and until such person shall have taken the oath of office required to be taken by members of the Legislature and all other officers, as provided in Article XVI, Section 1, as amended by amendment adopted November 6, 1939."

We must construe the language "or other employee in, for or connected with any tax-supported school, college, university", in the light of the facts recited in your letter.

The cases are many which involve the question of whether a person is an employee or an independent contractor. We mention the following: Vane v. Newcombe, 132 U. S. 220; Haden Company v. Riggs, 84 S. W. (2d) 789; McLeod v. Security Union Ins. Co., 22 S. W. (2d) 952; Maryland Casualty Co. v. Donnelly, 50 S. W. (2d) 366; Southern Surety Co., v. Shoemake, 24 S. W. (2d) 7.

An employee is bound in some degree, at least, to the duties of a servant; a contractor is bound only to produce, or cause to be produced, a certain result.

An independent contractor can employ others to work and accomplish the contemplated result without the consent of the contractee; an employee cannot do so.

The term "employee" indicates a person hired to work for wages in a manner directly decided upon by the employer; an independent contractor agrees to do a job for a certain contract price and possesses independence of control over the details.

The employee is one employed to perform personal services; a contractor engages to do a particular thing.

The significant element in an employment is personal service. The significant element between a contractor and

Honorable T. O. Walton, President, Page 3

his principal is the work, as an entirety, to be performed. The contractor is obliged to follow the will of the employer only as to the result of the work, not as to the means and method necessary to achieve the result.

In Southern Surety Company v. Shoemake, supra, by the Commission of Appeals, it was said:

"Our Supreme Court, in Cunningham v. I. R.R. Co., 51 Texs 503, 32 Am. Rep. 632, and Wallace v. S.C.O. Co., 91 Tex. 18, 40 S. W. 399, defines an independent contractor as one whom the employer has no right to control as to the manner in which the work is to be done, or the means by which it is accomplished.

"The rule is admirably stated in Street on Personal Injuries, | | 11 and 12, thus: 'No better test can be applied than to say that the relation of master and servant exists where the master retains or exercises the power of control in directing, not merely the end sought to be accomplished by the employment of another, but as well the means and details of its accomplishment; not only what shall be done, but how it shall be done.'"

Adverting to the facts described in your request letter, it is apparent that the contracts described do not represent an "employee" relationship, but indicate an independent contractor relationship between the College and those to whom the contracts are awarded. The College is not employing the Lydick Roofing Company as a servant, or employee, to repair the roof in question, but is awarding a contract to the Company. Similarly, the College is not employing Sam B. Rutherford to move certain buildings as the employee or servant of the College, and directly under the detailed direction of the College, but has awarded to Rutherford a contract to do this particular thing.

It is therefore the opinion of this department that neither the officers or employees of the Lydick Roofing Company, nor Sam B. Rutherford or his employees, would be required to execute the oath of office required by Senate Bill No. 36

Honorable T. O. Walton, President, Page 4

of the Forty-seventh Legislature, under the facts of your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Zollie C. Steakley
        Assistant

APPROVED DEC 2, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

ZCS:LM

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN